**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUSAN MAE POLK, | ) | No. C 09-2374 MMC (PR) |
| Petitioner, | ) | |
| v. | ) | |
| THE FIRST DISTRICT COURT OF APPEAL, et al., | ) | |
| Respondents. | ) | |
| _____ | ) | |
| SUSAN MAE POLK, | ) | No. C 09-2634 MMC (PR) |
| Petitioner, | ) | |
| v. | ) | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DIRECTING CLERK TO TERMINATE ALL PENDING MOTIONS** |
| WARDEN LATTIMORE AND THE STATE OF CALIFORNIA, | ) | |
| Respondents. | ) | |
| _____ | ) | |

On May 28, 2009 and June 15, 2009, respectively, petitioner, a California prisoner proceeding pro se, filed the above-titled petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who was convicted in the Contra Costa County Superior Court in 2007 of second-degree murder, argues in the instant petitions that her conviction is constitutionally infirm, that the state courts have wrongly rejected her challenges to her state trial and appellate proceedings, and that she was wrongly denied bail pending appeal.

Under principles of comity and federalism, a federal court should not interfere with

ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 43-46 (1971); see also Carden v. Montana, 626 F.2d 82, 84 (9th Cir.1980) (applying Younger to habeas petition challenging state pretrial proceedings).  Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issues.  See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  The rationale of Younger applies throughout appellate proceedings, requiring state appellate review of a state court judgment be completed before federal court intervention is permitted.  See Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994) (holding Younger abstention applies where state appellate remedies have not been exhausted with respect to challenge to criminal conviction).

     Here, petitioner states in each of her petitions that the direct appeal of her conviction currently is pending before the California Court of Appeal and, indeed, that opening briefs have yet to be filed therein.  Further, there is no indication petitioner lacks an adequate opportunity to present her claims in her appellate or other state court proceedings.  In particular, petitioner is represented by counsel on appeal and also has filed numerous state habeas petitions and petitions for mandamus raising the same claims she raises herein.  Moreover, petitioner has made no showing that extraordinary circumstances exist that would require federal intervention.  See Younger, 401 U.S. at 46 (holding extraordinary circumstances exist when there is danger of great and immediate irreparable loss; holding cost, anxiety and inconvenience of defending against good-faith criminal prosecution not extraordinary circumstance requiring federal intervention); see also Carden, 626 F.2d at 84 (holding federal intervention appropriate only under "special circumstances" such as proven harassment, bad faith prosecution, or other extraordinary circumstances resulting in irreparable injury).

     As a decision on the instant federal petitions would interfere with petitioner's ongoing

1 state judicial proceedings pertaining to the validity of her criminal conviction and the other
2 claims she raises herein, the petitions are hereby DISMISSED.  The dismissal is without
3 prejudice to petitioner's filing a new federal habeas petition once her state criminal
4 proceedings are completed and she has exhausted state court remedies concerning all claims
5 she wishes to raise in federal court.

6      In light of petitioner's lack of funds, her applications to proceed in forma pauperis are
7 GRANTED.

8      The Clerk shall terminate all pending motions and close the files in the above-titled
9 actions.

10      IT IS SO ORDERED.

11 DATED: October 2, 2009

12 _____
MAXINE M. CHESNEY
United States District Judge